UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH GRANT,

               Plaintiff,                      **MEMORANDUM & ORDER**
                                                                          24-CV-6327 (PKC) (LB)

       -against-

NEW YORK PRESBYTERIAN HOSPITAL,
*et al*.,

               Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge.

     *Pro se* plaintiff Elizabeth Grant filed the instant action on August 20, 2024, and filed an amended complaint on September 11, 2024, alleging the wrongful death of her mother, Grace Grant. Plaintiff's request to proceed in forma pauperis ("IFP") is granted.[1] For the reasons stated below, the action is dismissed without prejudice for lack of subject matter jurisdiction. In addition, Plaintiff is hereby directed to show cause by written affirmation, within thirty (30) days of the date of this Order, why she should not be barred from filing any future IFP actions in the United States District Court for the Eastern District of New York without first obtaining permission from the Court to do so.

## LEGAL STANDARD

     It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d

---

[1] In the amended complaint, Plaintiff appears to request that the Court provide her with pro bono counsel and that this Court be recused. (Am. Compl., Dkt. 4 at 3.) Both requests are denied.

185, 191–93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations."  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

At the same time, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed IFP by a non-prisoner if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  The plaintiff bears the burden of establishing either type of subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where the "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law[.]"  *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).

Plaintiff brings this action for the wrongful death of her mother and names as Defendants those involved with her mother's guardianship proceedings and subsequent care, including Judges, the New York City Department of Social Services, New York Presbyterian Hospital, doctors, nurses, an assisted living facility, and Plaintiff's brother. The complaint does not suggest any basis for the exercise of subject matter jurisdiction. As an initial matter, this case does not give rise to federal question jurisdiction because Plaintiff's claims do not arise under the Constitution or federal law. *See* 28 U.S.C. § 1331. Instead, Plaintiff's claim for wrongful death arises under state law. *See, e.g.*, *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (summary order) (holding that a wrongful death claim does not present a federal question and therefore does not give rise to federal subject matter jurisdiction); *Gardner v. N.Y. Presbyterian Brooklyn Methodist Hosp.*, No. 23-CV-3207 (PKC) (RML), 2023 WL 3306938, at *2 (E.D.N.Y. May 8, 2023) (same). Because this Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Because all parties to this action are citizens of New York, diversity of citizenship is lacking, and the requirements of 28 U.S.C. § 1332 are not met. *See, e.g.*, *Gardner*, 2023 WL 3306938, at * 2 (noting that the plaintiff asserts state law claims for wrongful death and the Court lacks diversity jurisdiction to consider those claims). In the absence of subject matter jurisdiction, Plaintiff's complaint must be dismissed. *See* Fed. R. Civ. P. 12 (h)(3).

## FILING INJUNCTION

Plaintiff has filed 17 actions in this Court, all but one of which have been dismissed *sua sponte*.[2] Plaintiff has previously been warned four times that frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice. *See Grant v. 115th Precinct*, No. 24-CV-4183 (PKC) (LB), Dkt. 8 at 2–3; *Grant v. 115th Precinct*, No. 24-CV-3714 (PKC) (LB), Dkt. 6 at 4; *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB), Dkt. 13 at 7–8; *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB), Dkt. 18 at 25 (consolidated action consisting of five cases). In light of Plaintiff's litigation history, Plaintiff is ordered to show cause by written affirmation within thirty (30) days of the entry of this Order, why she should not be barred from filing any future IFP actions in the United States District Court for the Eastern District of New York without first obtaining permission from the Court to do so.

If Plaintiff fails to show cause within 30 days of the entry of this Order or should Plaintiff's affirmation fail to set forth good cause why an injunction should not be entered, Plaintiff will be barred from filing any further IFP actions in this Court without first obtaining permission from the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *In re Sassower*, 20 F.3d

---

[2] *See Grant v. Warden of Ros M. Singer*, No. 19-CV-2046 (RRM) (LB); *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB); *Grant v. Vultreggo*, No. 19-CV-2204 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-2239 (RRM) (LB); *Grant v. Soba*, No. 19-CV-2525 (RRM) (LB); *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB); *Grant v. Resan*, No. 19-CV-2911 (RRM) (LB); *Grant v. Queens Supreme Ct.*, No. 19-CV-3244 (RRM) (LB); *Grant v. Dep't of Corrs.*, No. 19-CV-3380 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-3689 (RRM) (LB); *Grant v. Brooklyn Veterans Hosp.*, No. 19-CV-4875 (RRM) (LB); *Grant v. Cheena*, No. 19-CV-4876 (RRM) (LB); *Grant v. Tracy*, No. 19-CV-6081 (RRM) (LB); *Grant v. Adult Protective Serv.*, No. 22-CV-775 (PKC) (LB); *Grant v. 115 Precinct*, No. 24-CV-3714 (PKC) (LB); *Grant v. 115th Precinct*, No. 24-CV-4183 (PKC) (LB).

42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Plaintiff's amended complaint, filed IFP, is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is ordered to show cause by written affirmation, by October 19, 2024, why she should not be barred from filing any further IFP actions in this Court without first obtaining permission from the Court to do so. All further proceedings shall be stayed until Plaintiff's time to file her written affirmation has expired.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and the other address she previously provided to the Court. *See Grant v. 115th Precinct*, No. 24-CV-4183 (PKC) (LB), Dkt. 10 at 1–2 (noting that Plaintiff previously requested the Court to send documents to her uncle's home in Pennsylvania).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 19, 2024
      Brooklyn, New York